IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA DIAZ-ROSADO,<br><br>      Plaintiff<br><br>      v.<br><br>GRIZELLE RODRIGUEZ-CASADO, et al.,<br><br>      Defendants | CIVIL NO. 10-1938 (JP) |

**OPINION AND ORDER**

Before the Court is Defendants Grizelle Rodriguez-Casado ("Rodriguez"), David Gonzalez-Cordero ("Gonzalez"), and the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico's ("DCR") motion to dismiss (**No. 13**).[1] Said motion is unopposed. Plaintiff brought the instant action alleging violations of the Equal Protection Clause under 42 U.S.C. § 1983 ("Section 1983") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff also brought claims under Puerto Rico law. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6).  For the reasons

---

[1] Defendants have included the Commonwealth of Puerto Rico in their motion to dismiss as a party in this action even though the Commonwealth of Puerto Rico has not been sued by Plaintiff. Since the Commonwealth of Puerto Rico is not a Defendant, the Court will not consider the arguments in relation to it.

CIVIL NO. 10-1938 (JP)          -2-

stated herein, Defendants' motion to dismiss is hereby **GRANTED IN PART AND DENIED IN PART**.

**I.**

**FACTUAL ALLEGATIONS**

Plaintiff Maria Diaz-Rosado ("Diaz") alleges that she works for DCR as an official of working condition. Specifically, Diaz has worked for the Ramos & Morales Academy ("Academy") for the last seven years. The Academy provides services and training to employees of the DCR.

Plaintiff alleges that she has been discriminated against and harassed because of her gender since 2008 while Rodriguez served as the director of the Academy. Diaz has alleged being humiliated because of her writing even though she excelled in her studies. Although Diaz completed a course to be certified as an armory worker and was recommended for the position, Plaintiff states that Rodriguez denied her the position as armory worker without justification.

Diaz also alleges that Gonzalez, as a supervisor of Plaintiff at the Academy, has also taken part in the harassment of Plaintiff by denying her duties. He allegedly directed Diaz to omit her name from documents she prepared. On the other hand, male employees are allowed to sign documents they prepare at work. Also, in December 2009, Diaz was allegedly replaced by a male as instructor of personal defense and physical training. Plaintiff states that the male who

CIVIL NO. 10-1938 (JP)          -3-

replaced her in said position does not possess all the certifications and his preparation is inferior to that of Plaintiff. In January 2010, a male was again placed as instructor instead Diaz.

Diaz states that she has been given patrol duties and, as such, goes up and down stairs for eight (8) hours a day. Plaintiff alleges that her job performance has always been excellent and that she has all the necessary qualifications to perform the duties that she has requested. As such, Plaintiff brought the instant action.

**II.**

**LEGAL STANDARD FOR RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003).  The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions.  Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002).  A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

CIVIL NO. 10-1938 (JP)         -4-

### III.

### **ANALYSIS**

Defendants argue that the motion should be granted because: (1) Plaintiff has failed to allege sufficient facts to support her Title VII claims; (2) Eleventh Amendment immunity bars any Section 1983 claims against DCR; and (3) Plaintiff's Puerto Rico law claims should be dismissed because there are no pending federal law claims. The Court will now consider Defendants' arguments.

**A.   Title VII**

Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's sex, among other protected classes. 42 U.S.C. § 2000e-2(a)(1).

Defendants argue that the Title VII claims fail because: (1) Title VII does not provide for individual liability; (2) Defendants Rodriguez and Gonzalez are not an employer for purposes of Title VII; and (3) Plaintiff did not allege that she exhausted her administrative remedies. The Court will focus its analysis on Defendants' argument relating to exhaustion of administrative remedies as it is the dispositive issue in this case.

   **1.   Exhaustion of Administrative Remedies**

Pursuant to Title VII, a Plaintiff is required to exhaust his or her administrative remedies, such as filing a complaint with the

CIVIL NO. 10-1938 (JP)          -5-

Equal Employment Opportunity Commission ("EEOC"), prior to suing in federal court. Uphoff Figueroa v. Alejandro, 597 F.3d 423, 431 (1st Cir. 2010). In the complaint, Plaintiff presented no allegations related to the filing of a complaint with the EEOC. As such, dismissal of Plaintiff's Title VII claims is proper because Plaintiff has failed to properly state a claim.[2] Id.

**B.   Section 1983**

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . .'" Rockwell v. Cape Cod Hospital, 26 F.3d 254, 256 (1st Cir. 1994) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982)).

In the instant case, Defendants argue that DCR is entitled to Eleventh Amendment immunity as an arm of the state and therefore the Section 1983 claims against it should be dismissed. No arguments regarding the Section 1983 claims against Defendants Rodriguez and Gonzalez were raised by Defendants.

   **1.   Eleventh Amendment Immunity**

---

[2] The Court notes that Plaintiff's Title VII claims against the individual Defendants would have also failed as there is no individual liability under Title VII. Uphoff Figueroa, 597 F.3d at 431 (citing Fantini v. Salem State Coll., 557 F.3d 22, 28-31 (1st Cir. 2009)).

CIVIL NO. 10-1938 (JP)           -6-

The Eleventh Amendment bars suits brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. Puerto Rico is considered a state for Eleventh Amendment purposes. <u>Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth.</u>, 991 F.2d 935, 939 n.3 (1st Cir. 1993). Eleventh Amendment immunity does not solely protect the state, but also protects arms or alter egos of the state. <u>Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Company of the Commonwealth of Puerto Rico</u>, 818 F.2d 1034, 1036 (1st Cir. 1987). The enactment of Section 1983 did not serve to abrogate the states' Eleventh Amendment immunity. <u>E.g.</u>, <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).

In the instant case, the DCR argues that it is entitled to Eleventh Amendment immunity as an arm of the state. The Court agrees with Defendants that DCR is entitled to Eleventh Amendment immunity. <u>E.g.</u>, <u>Martinez-Machicote v. Ramos-Rodriguez</u>, 553 F. Supp. 2d 45, 51 (D.P.R. 2007) (finding that Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico is entitled to Eleventh Amendment immunity). Accordingly, the Courts **GRANTS** Defendants' motion to dismiss the Section 1983 claims against Defendant DCR.

C.   **<u>Puerto Rico Law Claims</u>**

Defendants request that the Puerto Rico law claims brought pursuant to supplemental jurisdiction be dismissed since there are

CIVIL NO. 10-1938 (JP)        -7-

no federal law claims pending. Said argument fails because, contrary to Defendants' assertion, there are federal law claims pending. Specifically, still before the Court are Plaintiff's Section 1983 claims against Defendants Gonzalez and Rodriguez in their personal capacities. Accordingly, Defendants' motion to dismiss on this issue is **DENIED**.

### IV.

### CONCLUSION

Thus, the Court grants Defendants' motion to dismiss: (1) the Title VII claims; and (2) the Section 1983 claims against Defendant DCR. The Court will enter a separate partial judgment accordingly. Still pending before the Court are Plaintiff's Section 1983 claims against Defendants Rodriguez and Gonzalez in their personal capacities and the Puerto Rico law claims against all Defendants.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of July, 2011.

                                    S/JOSE ANTONIO FUSTE
                                    JOSÉ ANTONIO FUSTÉ
                                UNITED STATES DISTRICT JUDGE